IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY CHAVEZ,

        Plaintiff,

vs.                              Civ. No. 08-74 WJ/ACT

RUBEN JARAMILLLO, JIM FRALEY,
DONALD CRUTCHFIELD, MICHAEL
SISNEROS, ANTOINETTE TACHIAS,
WILLIAM SHANNON, M.D.,
HARRY TIPTON, CORRECTIONAL
MEDICAL SERVICES, BOARD OF COUNTY
COMMISSIONERS OF BERNALILLO COUNTY, and
CITY OF ALBUQUERQUE,

        Defendants.

**MEMORANDUM OPINION AND ORDER DIRECTING SUBMISSION**
**OF SUPPLEMENTAL *MARTINEZ* REPORT**

        This is a *pro se* civil rights action brought under 42 U.S.C. §1983 by Henry Chavez ("Chavez"). Plaintiff's "Complaint for Civil Rights Violations, Tort Claims, and Damages" ("Complaint") was removed to federal court on January 18, 2008 [Doc.1.]. Plaintiff alleged that on November 17, 2005, Defendant Ruben Jaramillo ("Jaramillo"), a correctional officer at the Metropolitan Detention Center ("MDC") attacked and beat him.

        On July 28, 2008 the Court ordered the Defendants to file a *Martinez* report. [Doc. 27.]. The Defendants filed their *Martinez* reports on August 28, and 29, 2008 [Docs. 28, 29 and 30]. Despite three extensions to extend the time to file a response, Chavez did not file a response. [Docs. 33, 35

and 39]. On January 27, 2009, he filed a Motion and Memorandum in Support for Permission to Conduct Discovery [Doc. 41]. The Defendants filed a combined response on February 9, 2009 [Doc. 42].

Chavez asserts that he needs discovery to respond to the Defendants' *Martinez* reports. Defendants assert that Chavez' Motion is for purposes of delay. Defendants also assert that in vacating the initial scheduling conference the "Court did not deem it necessary for the parties to engage in discovery." Response at 4. The Court vacated the initial scheduling conference because Chavez was no longer represented by counsel and was thus proceeding *pro se.*

The Court finds that it requires further information from the Defendants in order to determine whether summary judgment is appropriate on any of the remaining claims. As the Court will require Defendants to submit a supplemental *Martinez* report, it will deny Chavez' Motion for Discovery.

The Defendants are directed to address the following issues and supply the following documents in a supplemental *Martinez* report. The Court will request documents and argument concerning remaining Chavez' §1983 claims. If the Defendants wish to argue that summary judgment should be granted on any state law claims, the Court will consider their arguments.

1. At issue is Chavez' Fourth Amendment claim that the City of Albuquerque incarcerated Chavez at MDC under conditions posing a substantial risk of serious harm to him and whether the City of Albuquerque's customs, practices and policies demonstrate a deliberate indifferent to this known risk. In order that the Court may determine the extent of the City's knowledge as to dangerous conditions at MDC, please provide copies of all incident reports and grievances filed by any inmate at MDC between November 17, 2008, when Chavez was booked into MDC, and November 24, 2005, when Chavez was released complaining of threats, altercations, or

assaults on inmates by MDC guards.

2. Provide a copy of all investigative reports of the incident underlying this lawsuit including internal affairs files and a complete copy of the report of Robert Caswell Associates.

3. Provide a copy of the entire personnel file including any internal affairs files, disciplinary records, and training records of Defendant Ruben Jaramillo and grievances against Defendant Ruben Jaramillo

4. In addition, Defendants should provide documents and affidavits in support of any arguments they have concerning Chavez' remaining allegations.

Defendants' Supplemental *Martinez* report must address each point set out above. Documents in support of the report may be submitted simultaneously with the report, but the submission of documents alone without an accompanying report will not be in compliance with this Order. Defendants may submit affidavits in support of their report, if necessary.

The reports shall be filed and served on or before **April 8, 2009.** Plaintiff will be given thirty days from the date of service to respond. The Court will not liberally grant any requests for extensions by the Plaintiff. The parties are hereby given notice that the supplemental report, and response thereto, may be used in deciding whether to grant summary judgment of Plaintiff's claims, and the parties should submit whatever materials they consider relevant to the claims.

**IT IS THEREFORE ORDERED** that the Defendants will submit a Supplemental *Martinez* reports, as described above, on or before **April 8, 2009**, and Plaintiff will have 30 days following service of the Supplemental *Martinez* report to file a response.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum in Support for Permission to Conduct Discovery is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**