IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HENRY CHAVEZ,**

        Plaintiff,

vs.                                                                 Civ. No. 08-74 WJ/ACT

**RUBEN JARAMILLLO, JIM FRALEY,
DONALD CRUTCHFIELD, MICHAEL
SISNEROS, ANTOINETTE TACHIAS,
WILLIAM SHANNON, M.D.,
HARRY TIPTON, CORRECTIONAL
MEDICAL SERVICES, BOARD OF COUNTY
COMMISSIONERS OF BERNALILLO COUNTY, and
CITY OF ALBUQUERQUE,**

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Defendant William Shannon, M.D.'s Motion and Memorandum in Support for Summary Judgment on Plaintiff's Count VIII spoliation claim. This case was referred to the undersigned United States Magistrate Judge on November 24, 2008, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1) [Doc 36]. Having considered the pleadings and the relevant law, the undersigned recommends that Plaintiff's spoliation claim be dismissed with prejudice.

**PROPOSED FINDINGS**

Statement of undisputed facts.

    1.    This is a *pro se* civil rights action brought under 42 U.S.C. § 1983 by Henry Chavez. ("Plaintiff").[1]  Plaintiff's "Complaint for Civil Rights Violations, Tort Claims, and Damages"

---

[1] Plaintiff's attorney withdraw as counsel of record on July 11, 2008 [Doc. 24].

1

("Complaint") was removed to federal court on January 18, 2008 [Doc. 1]. Plaintiff alleges that on November 17, 2005, Ruben Jaramillo, a corrections officer at the Metropolitan Detention Center ("MDC"), attacked and beat him. At the time of the alleged incident, Plaintiff was a pretrial detainee at MDC.

2. Dr. William M. Shannon, M.D. ("Shannon") is the Medical Director For Correctional Medical Services, Inc. ("CMS") at the MDC.

3. On November 17, 2005, following an incident in Seg-1, Plaintiff was referred to and seen by CMS medical staff regarding complaints of neck/facial contusions, bruising and abrasions of the left thigh and knee and a quarter size bump of his forehead. CMS medical staff noted Plaintiff to be alert and oriented. He was given Excedrin to take orally as needed for five days, 800 milligram Ibuprofen for five days and ice for his forehead. Plaintiff was instructed to return to the clinic in the event of increased pain. A Medical Encounter Record and a Standard Referral Form were created by CMS medical staff and retained in Plaintiff's medical file.

4. On November 18, 2005, Shannon reviewed the treatment record, signed off on the treatment received by Chavez, and signed the Medical Encounter Record. Shannon also signed the Physician's Order for Excedrin and Ibuprofen.

5. The medical records reflect that Plaintiff was given his medication on November 17-24, 2005.

6. On November 22, 2005, the records indicate that the Plaintiff was medically cleared to return to the Segregation Unit and on November 24, 2005, Chavez was released from custody at MDC.

7. Shannon signed an Affidavit that all the records referred to above were created contemporaneously and retained in Plaintiff's medical file.

Summary judgment standard.

8.  Summary judgment is appropriate when "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (2986) (internal citations omitted). "In applying this standard, we view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). However, "[c]onclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003).

Spoliation of evidence.

9.  Spoliation of evidence has six elements: (1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on the part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages. *Pandolfo v. Labach*, 2009 WL 1255529, *4 (D.N.M. 2009) *citing Torres v. El Paso Elec. Co.*, 127 N.M. 729, 744, 987 P.2d 386, 401 (1999) *overruled in part on other grounds* by *Herrera v. Quality Pontiac*, 134 N.M. 43, 73 P.3d 181 (2003).

Discussion.

10.  In Count VIII, Plaintiff alleges that Shannon "refused to evaluate, treat and documents (sic) Plaintiff's injuries" in order to defeat Plaintiff's potential lawsuit. Complaint at ¶¶ 74-75. Plaintiff also alleges that Shannon destroyed critical evidence. *Id.* at ¶ 76.

11.    The facts asserted by Shannon demonstrate that the Plaintiff was treated and medical records of his condition, treatment and medication were contemporaneously prepared and kept in his medical file.  Chavez did not respond to Shannon's Motion.[2]  Chavez has provided no facts to support these claims that he was not treated, that records were not created concerning his treatment or that any evidence concerning his treatment were destroyed. *Adler v. Wal-Mart Stores, Inc*., 144 F.3d at 670-71. The Court notes that while it must view the evidence in the light most favorable to the Plaintiff as the nonmoving party, the Plaintiff offers no evidence to counter the evidence offered by Shannon rebutting the allegations in his Complaint, or to otherwise respond to the particularized facts in support of Shannon's Motion for Summary Judgment. Furthermore, the facts before the Court do not provide any inferences that would support Plaintiff's claim.

12.    To conclude, the undisputed facts are that there was no failure to document and there was no destruction, mutilation or alteration of evidence.  Thus, Chavez cannot prevail and the Court will recommend that Count VIII be dismissed with prejudice.

### **RECOMMENDED DISPOSITION**

I recommend that Count VIII of Plaintiff's Complaint, Spoliation Claim against Defendant Shannon, be dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)©.  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court,

---

[2] On April 29, 2009, Plaintiff filed a motion to extend the time to respond to Shannon's Motion until May 5, 2009 [Doc. 55].  On May 4, 2009, the Court granted the extension and gave Plaintiff until May 5, 2009 to respond to Shannon's Motion [Doc. 58].

333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**